UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SOUTHERN WELDING, LLC; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-458-KAC-JEM |
| | ) | |
| MATTHEW SOLES and ICON | ) | |
| INTEGRATED MECHANICAL | ) | |
| SOLUTIONS, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Before the Court is the "Motion to Dismiss for Improper Venue" filed by Defendants Matthew Soles and ICON Integrated Mechanical Solutions, LLC [Doc. 20]. Defendants assert that the Court should dismiss Plaintiff Southern Welding, LLC's suit "based on a valid and enforceable forum selection clause in the governing contract between" Plaintiff and Defendant Soles, "which requires this action [to proceed] . . . exclusively in state court in Dallas County, Texas [*See* Doc. 20 at 1]. Because (1) the forum-selection clause in Plaintiff's Employment Agreement is applicable to the claims at issue, mandatory, valid, and enforceable and (2) no extraordinary circumstances counsel against dismissal, the Court **GRANTS** Defendants' "Motion to Dismiss" [Doc. 20] and **DISMISSES** Plaintiff's claims against Defendants without prejudice.

**I.   Background**

In or around February 2024, Plaintiff and Defendant Soles entered into an "Employment Agreement" [*See* Doc. 1 at 5; *see generally* Doc. 1-4]. As relevant here, the Agreement contains a non-compete clause, [*see* Doc. 1-4 at 2-3], and a forum-selection clause:

> Governing Law and Venue. This Agreement shall in all respects be construed according to the laws of Texas, without regard to its

> conflicts of law provisions. ***The parties agree that venue shall lie exclusively in Dallas County, Texas District Courts for any dispute arising hereunder.***

[*id.* at 7 (emphasis added)]. The Agreement also contains an enforcement provision: "Employee agrees that the foregoing covenants may be enforced by the Company, in the event of a breach by him, by injunctions, restraining orders, and other orders of specific performance issued by a court of competent jurisdiction" [*Id.* at 4]. And it contains a Texas choice of law provision [*Id.* at 7]. In or around March 3, 2025, Defendant Soles "voluntarily separated from" Plaintiff [*See* Doc. 1 at 5]. He is currently employed by Defendant ICON [*See id.*].

On September 18, 2025, Plaintiff filed this suit against Defendants, alleging a claim for breach of the Agreement's non-complete clause against Defendant Soles and claims for intentional interference with business relationships and procurement of breach of contract against Defendant ICON arising out of the non-compete clause in the Agreement [*See id.* at 3-10]. The Complaint seeks both injunctive and monetary relief [*Id.* at 12-14]. Jurisdiction is based on diversity [*Id.* at 2]. Plaintiff also filed a "Motion for Temporary Restraining Order and Preliminary Injunction," seeking to preliminarily enjoin Defendants [*See* Doc. 3 at 2-3].

Defendants then filed the instant Motion. Defendants seek to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) based on the forum-selection clause in the Agreement, which points to "state Court in Dallas County, Texas" [Docs. 20 at 1, 21 at 1]. Plaintiff opposed, arguing that (1) the forum-selection clause does not apply because "the Agreement allows for any 'court of competent jurisdiction' to enforce its restrictive covenants through injunctive relief"; and (2) "even if the forum selection cause applied, it "would not be enforceable in this context, because its enforcement would improperly deprive [Plaintiff] of its ability to obtain preliminary injunctive relief against Defendants" [*See* Doc. 30 at 1 (quoting Doc. 1-4 at 4)]. Defendants replied [Doc. 31]. The matter is now ripe.

2

**II.     Analysis**

As an initial matter, the question of "whether venue is 'wrong' or 'improper'" is "generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co., v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). The issue here is not one of an "improper venue" under Section 1391, [*see* Doc. 20 at 1]; instead, it is an issue of the application of the doctrine of *forum non conveniens* to this case based on the forum selection clause, *see id.* at 55-59. "[T]he appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*." *Id.* at 60.

Under the doctrine of *forum non conveniens*, evaluating a forum-selection clause is a two-step process. **First**, the Court determines whether the forum-selection clause is "applicable to the claims at issue, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215-16 (6th Cir. 2021). If so, a plaintiff's "choice of forum 'merits no weight' and the courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *See id.* at 215 (quoting *Atl. Marine*, 571 U.S. at 63-64 (alteration in original)). **Second**, a plaintiff "bears the burden of showing that the public interest factors weigh heavily against dismissal." *Id.* at 216. Because the public-interest factors "will rarely defeat" a valid forum-selection clause, "the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

Starting with applicability at step one of the analysis, to interpret the Agreement, the Court "begins with a conflict-of-laws analysis using the law of the state in which it sits . . . to determine the governing law." *See Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 327 (6th Cir. 2024). Here, applying Tennessee choice-of-law principles, the Court must first determine whether the Agreement's Texas choice of law provision applies.

3

Tennessee courts "honor[]" a choice of law provision provided: (1) the clause is "executed in good faith," (2) the foreign law "bear[s] a material connection to the transaction," (3) the Parties' choice is "reasonable," and (4) the foreign law is not "contrary to a fundamental policy" of Tennessee. *See Blackwell v. Sky High Sports Nashville Operations, LLC*, 523 S.W.3d 624 (Tenn. Ct. App. 2017). The Parties agree that Texas law applies to this inquiry [*See* Docs. 21 at 3, 30 at 2]. And none of the relevant considerations suggest that Texas law should not apply here. Accordingly, consistent with the Parties agreement, the Court interprets the Agreement's text under Texas law.

Texas applies "[c]ommon law rules of contract construction." *See E. Texas Kidney Specialists, P.A. v. Vij*, No. 12-24-00024-CV, 2024 WL 3084454, at *7 (Tex. App. June 21, 2024) (citing *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133-34 (Tex. 1994)). When interpreting a contract, "specific provisions control over more general ones." *Id.* Here, the forum-selection clause is specific, while the enforcement provision is general [*See generally* Doc. 1-4]. Accordingly, the more specific forum-selection clause controls over the more general enforcement provision. *See E. Texas Kidney Specialists, P.A. v. Vij*, No. 12-24-00024-CV, 2024 WL 3084454, at *7. And these provisions can be read together in harmony—the chosen fora, Dallas County, Texas District Courts, are "court[s] of competent jurisdiction" capable of issuing "injunctions" and "restraining orders" [*See* Doc. 30 at 4 ("Injunctive relief is available under Texas . . . law."); *see generally* Doc. 1-4]. Therefore, Plaintiff has failed to show that the forum-selection clause is not applicable to the claims at issue.

Moving to enforceability, "federal law governs the enforceability of a forum selection clause in a diversity suit." *See Firexo, Inc.*, 99 F.4th at 309. "To determine whether a forum selection clause is enforceable," the Court generally considers: "(1) whether the clause was

4

obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* (quoting *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)).

Plaintiff argues that the forum-selection clause is "unenforceable" because it "would improperly deprive" it of the ability "to obtain preliminary injunctive relief against Defendants" [*See* Doc. 30 at 3-5, 8]. More specifically, it argues that proceeding in a Texas state court would "preclude" Plaintiff from "obtaining injunctive relief" [*See* Doc. 30 at 3-5]. By Plaintiff's own admission, "[i]njunctive relief is available under both Texas and Tennessee law" [*Id.* at 4].

Plaintiff's argument then appears to be that a preliminary injunction issued by a Texas state court would necessarily be inadequate because Defendants reside in Tennessee, and a Tennessee court would not enforce the preliminary injunction [*See id.*]. But Plaintiff does not cite any law showing that a Texas state court could not issue a preliminary injunction that would reach Defendants if they were before it. *See Firexo, Inc.*, 99 F.4th at 310 (noting that a forum-selection clause can "establish personal jurisdiction in the selected form"). And Plaintiff fails to cite law showing that a Tennessee state court would not enforce a preliminary injunction entered by a Texas state court. This is Plaintiff's burden. More practically, Plaintiff's argument is premised on the assumption that Defendants would ignore a preliminary injunction issued by a Texas court while subject to that court's jurisdiction—a dangerous position for a litigant to take that may subject it to contempt or sanctions. Plaintiff has not shown that the forum-selection clause is unenforceable.[1]

---

[1] Plaintiff does not oppose, or even address, Defendants' argument that Texas law allows a non-signatory to a contract to enforce a forum-selection clause in limited circumstances [*See* Doc. 21 at 6-7]. So, the Court need not, and does not, pass on this issue of Texas law.

5

At step two of the analysis, Plaintiff bears the burden of establishing that public-interest factors "weigh heavily against dismissal." *See Lakeside Surfaces*, 16 F.4th at 216. Plaintiff does not argue that the public interest factors would counsel against dismissal [*See generally* Doc. 30]. And upon the Court's review, the relevant factors do not weigh heavily against dismissal here. Plaintiff therefore fails to meet its "heav[y]" burden. *See Lakeside Surfaces*, 19 F.4th at 216.

### III. Conclusion

For the reasons above, the Court **GRANTS** the "Motion to Dismiss for Improper Venue" filed by Defendants Matthew Soles and ICON Integrated Mechanical Solutions, LLC [Doc. 20] and **DISMISSES** Plaintiff's claims against Defendants without prejudice. No other claims remain in this action. So, an appropriate judgment shall issue.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge